UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS BROWN,

  Plaintiff,

v.

              Case No. 11-10128

MICHIGAN PAROLE AND
COMMUTATION BOARD,

              Honorable Patrick J. Duggan

  Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

On January 10, 2011, Morris Brown ("Plaintiff"), a state parolee currently residing in Oak Park, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, challenging the Michigan Parole and Commutation Board's revocation of his parole in May 2010. Plaintiff indicates that he pleaded guilty to one parole violation in exchange for the dismissal of other charges and a recommendation for a six-month re-parole. Plaintiff asserts that he was improperly held in prison until paroled on December 16, 2010. He names the Michigan Parole and Commutation Board as the sole defendant in this action and sues the Board in its official capacity. He seeks a declaratory ruling that his due process rights were violated and monetary damages of $1,000 for each day he was held in custody.

### I. Standard of Review

The Court has granted Plaintiff *in forma pauperis* status, allowing him to proceed

without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). The Prison Litigation Reform Act ("PLRA") requires the Court to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

## II. Discussion

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state law, and (2) the defendant's conduct deprived

2

the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Despite this liberal pleading standard, the Court finds that the Complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted and on the basis of immunity.

**A. Failure to State a Claim for Relief**

Plaintiff challenges his 2010 parole revocation, essentially claiming that the Michigan Parole and Commutation Board's final decision did not comport with his plea agreement. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973). To the extent that Plaintiff contests the revocation decision, however, he actually seeks habeas corpus relief because such a claim concerns the validity of his confinement. Ruling on the claim raised would necessarily imply the invalidity of his parole revocation and his confinement. Such claims are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance or a writ of

habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005). Because Plaintiff's challenge to his parole revocation would necessarily imply the invalidity of his confinement, and since that decision has not been overturned or otherwise declared invalid, his Complaint contesting that decision must be dismissed.

The Court notes that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Id.* at 81, 125 S. Ct. at 1247; *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). Plaintiff's claim, however, goes to the propriety of the parole revocation decision itself, such that ruling on the claim in his favor would necessarily demonstrate the invalidity of his incarceration. Such claims are barred by *Heck*. *See, e.g., Norwood v. Mich. Dep't of Corrs.*, 67 Fed. Appx. 286, 287 (6th Cir. 2003). Plaintiff has not shown that the parole revocation decision has been reversed or otherwise declared invalid. Accordingly, his complaint must be dismissed.

## B. Immunity

Plaintiff's complaint is also subject to dismissal on the basis of immunity. Plaintiff sues the Michigan Parole and Commutation Board in its official capacity and seeks monetary damages. The Eleventh Amendment bars civil rights actions against a state and

its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 1147 (1979). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Because the Michigan Parole and Commutation Board is an entity within the Michigan Department of Corrections, it is entitled to Eleventh Amendment immunity. *See, e.g., Lee v. Mich. Parole Bd.*, 104 Fed. Appx. 490, 492 (6th Cir. 2004). Plaintiff's complaint against the Michigan Parole and Commutation Board must therefore be dismissed.

### III. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's Complaint has failed to state a claim upon which relief may be granted, and that the Michigan Parole and Commutation Board is entitled to immunity under the Eleventh Amendment.

Accordingly,

**IT IS ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.[1] The

---

[1] While a dismissal under *Heck* is normally without prejudice, *see Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), this dismissal is with prejudice because Plaintiff sues

Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                             s/PATRICK J. DUGGAN
                                                             UNITED STATES DISTRICT JUDGE

Date: February 25, 2011
Copies to:

Morris Brown
13911 Northfield
Oak Park, MI 48237

---

the Michigan Parole Board in its official capacity.

6